831 So.2d 1263 (2002)
Lamonda D. GILES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3850.
District Court of Appeal of Florida, Fourth District.
December 18, 2002.
*1264 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Giles' aggravated battery conviction, as the wording of a self-defense jury instruction was misleading.
Giles and the victim, Leon White, were engaged in a poker game when White became frustrated, stood up, and threw his cards in towards Giles. Giles stood up and struck White in the eye. After a brief struggle, they went outside and continued arguing. White picked up a beer bottle and threw it, but did not hit Giles. A witness then saw Giles go down the street and pick up a brick. White's cousin attempted to stand in between the two, but Giles swung around her and hit White in the mouth with the brick.
At the charge conference, it was agreed that the jury would be instructed on both the defenses of justifiable use of deadly and non-deadly force. Over defense objection, the trial court included an instruction that read:
The use of force not likely to cause death or great bodily harm is not justifiable if you find that the defendant was attempting to commit, committing or escaping after the commission of an aggravated battery.
The jury was, thus, instructed in the following manner concerning self-defense:

*1265 The defendant would be justified in using force not likely to cause death or great bodily harm against Leon White if the following two facts were proved.
Number one, the defendant must have reasonably believed that such conduct was necessary to defend himself against Leon White's imminent use of unlawful force against the defendant.
Number two, the use of unlawful force by Leon White must have appeared to the defendant ready to take place.
The use of force not likely to cause death or great bodily harm is not justifiable if you find that the defendant was attempting to commit, committing or escaping after the commission of an aggravated battery.
The instruction was erroneous. A court's decision to give a particular instruction should not be reversed "unless the error complained of resulted in a miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury." Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999). The jury instruction in this case falls into the latter category.
In Mogavero v. State, 744 So.2d 1048, 1050 (Fla. 4th DCA 1999), we recognized that a trial court "should not give instructions which are confusing, contradictory, or misleading." Where an instruction is confusing or misleading, prejudicial error occurs where the jury might reasonably have been misled. Wadman v. State, 750 So.2d 655, 658 (Fla. 4th DCA 1999). Here, the instruction was misleading and confusing such that the effect was to negate Giles' only defense to the charge of aggravated battery. See Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001)(recognizing that it is fundamental error to give an inaccurate and misleading instruction where the effect of that instruction is to negate a defendant's only defense); Harris v. State, 570 So.2d 397, 399 (Fla. 3d DCA 1990)(recognizing it to be fundamental that trial court should give a complete and accurate instruction so as not to negate the defendant's theory of defense).
The instruction was based on section 776.041(1), Florida Statutes (2002), which provides:
776.041 Use of force by aggressor
The justification described in the preceding sections of this chapter is not available to a person who:
(1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony....
Although a "forcible felony" as used in the statute includes an aggravated battery, see § 776.08, Fla. Stat., the plain language of section 776.041 indicates that it is applicable only under circumstances where the person claiming self-defense is engaged in another, independent "forcible felony" at the time. See Perkins v. State, 576 So.2d 1310 (Fla.1991)(holding that cocaine trafficking was not forcible felony so as to preclude defense of self-defense when killing occurred during attempt to traffic in cocaine). This case was not one where the alleged aggravated battery occurred while Giles was attempting to commit, committing, or escaping after the commission of some other independent forcible felony. The instruction is normally given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony. See Marshall v. State, 604 So.2d 799 (Fla.1992)(holding that section 776.041 jury instruction was proper on claim of self-defense to charge of felony murder where underlying felonies were burglary and aggravated battery); cf. Perkins, 576 So.2d at 1311. Here, by contrast, Giles committed *1266 only one act, the alleged aggravated battery.
The instruction given improperly told the jury that the very act Giles sought to justify itself precluded a finding of justification. Essentially, the jury was instructed that 776.041(1) would apply to preclude a self-defense claim, when it is claimed that the acts with which the defendant is charged are themselves committed in appropriate self-defense. Thus, even if the jury found that Giles' act of aggravated battery was committed in self-defense, then the use of force was not justifiable because the act itself is a forcible felony. This reading, however, is erroneous because the proper test for determining the applicability of the instruction is not whether the self-defense act itself could qualify as a forcible felony, but whether, at the time of the self-defense, the accused was engaged in a separate forcible felonious act. See Perkins, 576 So.2d at 1311. Here, Giles was not engaged in a separate felonious act at the time of the alleged aggravated battery and so the instruction was inapplicable. At the very least, the instruction given was circular and confusing to the jury such that it basically negated Giles' defense. See Davis, 804 So.2d at 404; Wadman, 750 So.2d at 658.
Although the state asserts that Giles was not entitled to a self-defense instruction based on the facts, the appropriateness of the self-defense instruction is not an issue on appeal. In any event, as there was evidence supporting Giles' theory of defense, he is entitled to have the jury instructed on the law applicable to that theory of defense. Bryant v. State, 412 So.2d 347, 350 (Fla.1982); Vazquez v. State, 518 So.2d 1348 (Fla. 4th DCA 1987).
Finally, we cannot conclude that the erroneous instruction was harmless, as there is a reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Giles' conviction is reversed and we remand for a new trial.
HAZOURI and MAY, JJ., concur.