858 So.2d 1103 (2003)
Demetrius FAIR, Petitioner,
v.
James CROSBY, Secretary, Department of Corrections, Respondent.
No. 4D03-1655.
District Court of Appeal of Florida, Fourth District.
October 22, 2003.
Rehearing Denied November 25, 2003.
Demetrius Fair, Okeechobee, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for respondent.
HAZOURI, J.
Demetrius Fair filed a petition alleging ineffective assistance of appellate counsel. We grant the petition but deny petitioner's request that this court order a *1104 new trial, concluding instead that petitioner is entitled to a belated appeal because appellate counsel was ineffective in failing to raise in his original direct appeal the issue of whether the trial court's jury instruction regarding self-defense constituted fundamental error.
Petitioner was charged with a single count, second degree murder, and was found guilty of the lesser included offense of manslaughter. His defense was self-defense; evidence was presented to support the argument that petitioner had reason to believe the victim was attempting to murder him or to commit aggravated battery, burglary of petitioner's conveyance with a battery, or robbery against him.
At trial, defense counsel did not object when the trial court gave the following instruction, based on section 776.041(1), Florida Statutes (1999)[1]:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
Demetrius Fair was attempting to commit, committing or escaping after the commission of robbery.[2]
However, this type of instruction normally is given when the accused "is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony." Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002) (emphasis added). To instruct the jury that the defendant is not entitled to use force if he was committing, attempting to commit, or escaping after committing the crime charged[3] is circular, confusing to the jury, and basically negates the defense. Id. at 1266. Because petitioner was charged with only one forcible felony, as to which he asserted the defense of self-defense, this instruction should not have been given.
Although petitioner's trial counsel failed to preserve this issue for appeal, this court has held that an error in a jury instruction that negates the defendant's defense can be fundamental and thus reviewable in the absence of an objection at trial. See, e.g., Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001); Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995). Appellate counsel may be found to have rendered ineffective assistance for failing to raise an issue that could be considered fundamental error. See, e.g., Lowe v. State, 681 So.2d 916 (Fla. 4th DCA 1996) (granting new appeal where appellate counsel failed to raise the issue that trial court's preliminary instruction on reasonable doubt constituted fundamental error). The possibility that such an instruction may have confused the jury sufficiently so as to negate petitioner's defense of self-defense is such that we believe the issue should have been raised in the context of *1105 petitioner's direct appeal. The fundamental nature of the error can be gleaned only from a review of the full record on appeal.
Accordingly, this opinion shall be filed with the lower tribunal and treated as the notice of belated appeal of the judgment and sentence entered February 21, 2001. Upon receipt, the clerk of the lower court shall certify a copy of this opinion to this court in accordance with Florida Rule of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this court of the certified opinion. All time requirements of the Florida Rules of Appellate Procedures shall run from the date of this opinion. If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.
SHAHOOD and MAY, JJ., concur.
NOTES
[1] Regarding the defense of self-defense, section 776.041 provides in pertinent part as follows:

The justification described in the preceding sections of this chapter is not available to a person who:
(1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony[.]
[2] At the charge conference, the parties agreed that the court would give this instruction, but there was no reference to "robbery": "However, the use of force likely to cause death or great bodily harm is not justifiable if you find: Demetrius Fair was attempting to commit, committing or escaping after the commission of murder in the second degree." (Emphasis added). It is unclear why the trial court substituted "robbery" for "murder in the second degree" (the crime charged) when it actually gave the instruction.
[3] Petitioner was never charged with committing robbery. However, we do not find this fact affects petitioner's entitlement to a new appeal. The jury may have taken this instruction to mean that petitioner was not justified in the use of force if he was escaping after the victim attempted to commit robbery.