877 So.2d 856 (2004)
Timothy Fredrick BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5580.
District Court of Appeal of Florida, Second District.
July 9, 2004.
*857 VILLANTI, Judge.
In his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), Timothy Fredrick Baker alleges his appellate counsel was ineffective for failing to argue on direct appeal that certain jury instructions given in his trial amounted to fundamental error. We agree that appellate counsel rendered ineffective assistance when he neglected to raise this issue and therefore grant the petition and allow Baker a belated appeal on this issue only.
Baker was charged with aggravated battery with a deadly weapon emanating from a love triangle that provoked a melee in a woman's apartment. According to the victim's trial testimony, the victim and Baker's "off and on" girlfriend were sitting clothed on the bed in the girlfriend's apartment when Baker entered the bedroom and started punching the girlfriend. The victim came to her defense, at which time Baker retrieved a knife from the kitchen and stabbed the victim. The girlfriend's testimony was consistent with the victim's account.
Baker's testimony provided a different version of the events. He testified that he walked in on his "off and on" girlfriend and the victim while they were engaged in sexual acts. The victim then attacked him, and a fight ensued. Baker fell, and the victim went into the kitchen and returned with a knife. Baker testified that he and the victim struggled over the knife until he was able to get it out of the victim's hand and throw it in the kitchen.
The trial court instructed[1] the jury on the justifiable use of deadly force as follows: "However, the use of force likely to cause death or great bodily harm is not justifiable if you find: 1. Timothy Frederick [sic] Baker was attempting to commit, committing or escaping after the commission of aggravated battery with a deadly weapon...." Baker's trial counsel did not object to this instruction. Therefore, to have been raised on appeal, the instruction would have had to amount to fundamental error. Baker alleges in his petition that appellate counsel's failure to argue that the instruction was fundamental error constituted ineffective assistance of appellate counsel.
At the time appellate counsel filed his brief[2] in this case, two cases from the *858 Fourth District were instructive on this issue: Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), and Fair v. Crosby, 858 So.2d 1103, 1104-05 (Fla. 4th DCA 2003). In Giles, the defendant was charged with aggravated battery. Over defense counsel's objection, the jury was instructed that the "use of force not likely to cause death or great bodily harm is not justifiable if you find that the defendant was attempting to commit, committing or escaping after the commission of an aggravated battery." Giles, 831 So.2d at 1265. In holding that the instruction constituted reversible error, the court stated:
The instruction given improperly told the jury that the very act Giles sought to justify itself precluded a finding of justification. Essentially, the jury was instructed that [section] 776.041(1) would apply to preclude a self defense claim, when it is claimed that the acts with which the defendant is charged are themselves committed in appropriate self-defense.
Id. at 1266. This reasoning certainly applied in Baker's case. Giles did not answer, however, whether giving such an instruction was fundamental error.
In Fair, however, the Fourth District held that the failure of appellate counsel to argue on direct appeal that the giving of such a jury instruction constituted fundamental error amounted to ineffective assistance of appellate counsel.
The possibility that such an instruction may have confused the jury sufficiently so as to negate petitioner's defense of self-defense is such that we believe the issue should have been raised in the context of petitioner's direct appeal. The fundamental nature of the error can be gleaned only from a review of the full record on appeal.
858 So.2d at 1104-05. See also Estevez v. Crosby, 858 So.2d 376, 377 (Fla. 4th DCA 2003). With these cases from the Fourth District in his arsenal, appellate counsel's failure to argue that the instruction given in Baker's trial was fundamental error was ineffective assistance of appellate counsel.
Accordingly, we grant Baker's petition for ineffective assistance of appellate counsel. Because the determination as to whether the error was indeed fundamental requires a review of the full record on appeal, we grant the petition with instructions to the trial court, within thirty days from the date of the issuance of the mandate in this case, to appoint an appellate attorney to file a brief limited to the issue outlined above. Appellate counsel shall, within thirty days of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal.
COVINGTON and WALLACE, JJ., Concur.
NOTES
[1] The instruction was based on section 776.041(1), Florida Statutes (2000).
[2] After appellate counsel filed Baker's initial brief, the Fourth District held in Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003), that giving an instruction such as the one given in Baker's case constituted fundamental error. Thus the court reversed the defendant's aggravated battery conviction even though defense counsel did not object to the instruction. This court reached a similar conclusion in Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004).