891 So.2d 569 (2004)
James Edward YORK, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 2D04-2853.
District Court of Appeal of Florida, Second District.
December 1, 2004.
Rehearing Denied February 1, 2005.
*570 James Edward York, Jr., pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Respondent.
CASANUEVA, Judge.
James Edward York, Jr., in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), alleges that his appellate counsel was ineffective for failing to argue on direct appeal that the jury instruction on the justifiable use of force, given in his trial on the charges of aggravated battery and shooting at, within, or into a vehicle, constituted fundamental error. We agree that appellate counsel was ineffective in neglecting to raise this issue, and we grant York a belated appeal on this issue only.
York was convicted, after jury trial, of the above offenses. The judgment and sentence were affirmed on direct appeal. See York v. State, 872 So.2d 910 (Fla. 2d DCA 2004) (table decision). York testified at trial, and, needless to say, his testimony differed substantially from that of the victim. The victim, in his trial testimony, indicated that he got into his car upon leaving York's home after a violent argument with York when York shot at him, shattering the windshield of the car. The victim got out of the car, at which point York fired a second shot. The victim testified that, during the incident, he was shot in the hand and back. He further testified that he had no firearms with him that night and that he never shot at York.
York testified that, earlier in the evening, he and the victim had been out drinking and the victim had a considerable amount to drink. At York's residence, York teased the victim about his lack of success that evening in obtaining the telephone numbers of any women. According to York, the victim became very irate and refused to leave when York asked him to. The victim then struck York on the temple, knocking him to the ground. York got back up and the victim pushed him back down. While York was on the ground, the victim pushed and kicked him. The victim then went to the kitchen where he grabbed York's rifle. The pair struggled over the rifle, which went off, hitting the victim in the hand. The victim again pushed York, and York fell back with the rifle. At this point, the victim stated: "I'm going to get my gun." York testified that he was aware that the victim had two hunting rifles in the van he was driving. While the victim went to his van, York moved onto the patio of his house with the rifle. York testified that the victim got into the van and then came out shooting. York fired back, shattering the windshield of the van. York fired again and then ran and hid. In closing argument, trial counsel argued that York was acting in self-defense.
The trial court instructed the jury on the charges of aggravated battery and shooting into an occupied vehicle. After giving these instructions, the trial court then instructed the jury on the justifiable use of deadly force. This instruction contained the following language:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:

*571 1. James Edward York was attempting to commit, or committing, or escaping after the commission of aggravated battery.

(Emphasis added.) Thus, the jury was advised that the very action that York was attempting to justify as self-defense, shooting the victim,[1] could not be considered self-defense. The trial court erred in so instructing the jury. See Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002). However, because trial counsel did not object to the erroneous instruction, for appellate counsel to raise the issue on direct appeal, the error would have to be fundamental. See Baker v. State, 877 So.2d 856, 857 (Fla. 2d DCA 2004).
Giles was decided prior to appellate counsel's filing the initial Anders brief in the direct appeal from York's judgment and sentence. In Giles, trial counsel preserved the issue for direct review by objecting to the erroneous instruction on the justifiable use of nondeadly force. See Giles, 831 So.2d at 1264. Thus, the court in Giles did not address the issue of whether the instruction as given constituted fundamental error. However, in an opinion issued one day prior to the filing of the initial Anders brief in York v. State, 872 So.2d 910 (Fla. 2d DCA 2004) (table decision), the Fourth District issued its opinion in Fair v. State, 858 So.2d 1103 (Fla. 4th DCA 2003). The court in Fair held that appellate counsel was ineffective in neglecting to argue on direct appeal that the instruction given on the justifiable use of deadly force, which had the effect of instructing the jury that "the defendant is not entitled to use force if he was committing, attempting to commit, or escaping after committing the crime charged," constituted fundamental error. Fair, 858 So.2d at 1104.
After the filing of the initial Anders brief in York, but prior to the filing of the answer brief, the Fourth District in Rich v. State, 858 So.2d 1210, 1210-11 (Fla. 4th DCA 2003), held that it was fundamental error in that case to give a justifiable use of force instruction advising the jury that such use of force was not justified if the defendant was committing or attempting to commit an aggravated battery where the defendant was charged with aggravated battery.[2] Although Fair and Rich were not available to appellate counsel prior to the completion of her initial Anders brief in York, she should have been aware of them and could have filed a motion to file a supplemental brief. See Gisi v. State, 848 So.2d 1278, 1281 (Fla. 2d DCA 2003).
As we did in Baker, we conclude that the failure of appellate counsel to argue that the jury instruction on justifiable use of force constituted fundamental error was ineffective assistance of appellate counsel. Accordingly, we grant the petition. Because the determination as to whether the justifiable use of force instruction was fundamental error requires a full review of the record on appeal, we instruct the trial court, within thirty days from the issuance of the mandate in this case, to appoint an appellate attorney to file a brief limited to the issue outlined above. See Baker, 877 So.2d at 858. Appellate counsel shall, within thirty days of the appointment, file *572 a new notice of appeal and reference this opinion in the notice of appeal.
STRINGER and KELLY, JJ., Concur.
NOTES
[1] Although York was charged with aggravated battery and shooting at, within, or into a vehicle, both charges resulted from York's shooting of the victim, which he sought to justify as self-defense.
[2] This court followed the reasoning of Rich in Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004). Furthermore, the opinion in Zuniga was filed three days prior to the issuance of the per curiam opinion in York. Appellate counsel could have filed a motion for rehearing based on this court's opinion in Zuniga.