901 So.2d 985 (2005)
Patrick HARDY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2600.
District Court of Appeal of Florida, Fourth District.
May 11, 2005.
Michael D. Gelety, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mark Hamel, and Linda Harrison, Assistant Attorneys General, West Palm Beach, for appellee.
*986 PER CURIAM.
We reverse defendant's conviction for aggravated battery because the trial court committed fundamental error in charging the jury with a misleading instruction on self defense. The trial court instructed that the use of force was not justified if defendant was committing or attempting to commit aggravated battery. Defendant was charged with aggravated battery and his sole defense at trial was justification. The jury instruction had the effect of negating this legal defense. See Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002) (finding instruction applicable only under circumstances where the person claiming self-defense is engaged in another independent forcible felony); Rich v. State, 858 So.2d 1210, 1210 (Fla. 4th DCA 2003) (trial court fundamentally erred in giving this instruction when it negated sole defense).
The state concedes that the instruction was erroneous based on our holdings in Giles and Rich but argues that the error did not prejudice or affect the outcome. Record evidence supported defendant's theory of justification and the propriety of giving an instruction on self defense was not an issue. Defendant is entitled to have the jury properly instructed on the law applicable to his defense. See Giles, 831 So.2d at 1266 (citing Bryant v. State, 412 So.2d 347, 350 (Fla.1982)).
We think the error prejudiced the outcome and is therefore fundamental. See Reed v. State, 837 So.2d 366, 370 (Fla.2002) ("By its very nature, fundamental error has to be considered harmful. If the error was not harmful, it would not meet our requirement for being fundamental."). A misleading instruction to a jury as to the law concerning a legal defense is fundamental error where it makes a conviction easier for the state. Id. at 369 ("It is fundamental error if the inaccurately defined malice element is disputed ... and the inaccurate definition `is pertinent or material to what the jury must consider in order to convict.'").
As to the other arguments raised, we find no reversible error. We reverse defendant's conviction and remand for a new trial.
FARMER, C.J., SHAHOOD, J., and GREENE, CHARLES M., Associate Judge, concur.