902 So.2d 965 (2005)
Demetrius FAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4875.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
Patrick J. Curry, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
After granting Fair's petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel, we now reverse his conviction and remand for a new trial. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002). The facts of this case are fully set forth in our prior opinion. Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003). Fair asserted a justification defense to the sole charge of murder in the second degree and the trial court instructed the jury that justification could not be found if Fair was in the process of committing a robbery.[1] After a review of the entire record on appeal, we conclude this to be fundamental error as it "was reasonably calculated to confuse or mislead the jury," thus requiring the same result as in Giles. See Giles, 831 So.2d at 1263 (quoting Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999)); see also Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001) (fundamental error to give misleading instruction negating sole defensive theory). Giving the forcible felony, self-defense instruction is proper only when the defendant is charged with more than one forcible felony. Giles, 831 So.2d *966 at 1265-66. The same is true in the instant case, where Fair was not charged with robbery, and it was the victim who may have instigated the altercation by attempting a robbery.
Reversed and Remanded.
GUNTHER, POLEN and HAZOURI, JJ., concur.
NOTES
[1] As we noted in our prior opinion, it is unclear why the trial judge included the term "robbery" in the instruction instead of "murder in the second degree" as Fair was not charged with robbery, although there was some evidence presented that the incident may have been instigated due to a dispute over money owed to the victim. See Fair, 858 So.2d at 1104 n. 2.