905 So.2d 1016 (2005)
Mario ORTIZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D04-5530.
District Court of Appeal of Florida, Second District.
July 1, 2005.
Mario Ortiz, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
In his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), Mario Ortiz alleges that his appellate counsel was ineffective for failing to argue on direct appeal that the jury instruction on the justifiable use of deadly force, which was given in his trial on the charge of aggravated battery, constitutes fundamental error. We agree that appellate counsel rendered ineffective assistance when she neglected to raise this issue. We therefore grant the petition and allow Ortiz a belated appeal on this issue only.
Ortiz was convicted of aggravated battery with a firearm causing great bodily harm. See Ortiz v. State, 884 So.2d 77, 78 (Fla. 2d DCA 2004). Ortiz's conviction was affirmed on direct appeal. Id. Ortiz was convicted as charged. At trial, Ortiz claimed that he was acting in self-defense when he shot the victim. The jury instruction on the justifiable use of deadly force contained the following language:

*1017 However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. Mario Ortiz was attempting to commit, committing, or escaping after the commission of Aggravated Battery...
(Emphasis added.)
Subsequent to the filing of the initial Anders[1] brief in Ortiz's direct appeal from the judgment and sentence but prior to the filing of the State's answer brief, the Fourth District issued its opinion in Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003). In York v. State, 891 So.2d 569, 571 (Fla. 2d DCA 2004), this court stated:
The court in Fair held that appellate counsel was ineffective in neglecting to argue on direct appeal that the instruction given on the justifiable use of deadly force, which had the effect of instructing the jury that "the defendant is not entitled to use force if he was committing, attempting to commit, or escaping after committing the crime charged," constituted fundamental error. Fair, 858 So.2d at 1104.
The Fourth District's opinion in Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003), also issued subsequent to the filing of the initial brief in Ortiz but prior to the filing of the State's answer brief. Rich "held that it was fundamental error in that case to give a justifiable use of force instruction advising the jury that such use of force was not justified if the defendant was committing or attempting to commit an aggravated battery where the defendant was charged with aggravated battery." York, 891 So.2d at 571.
In York, this court stated: "Although Fair and Rich were not available to appellate counsel prior to the completion of her initial Anders brief in York [v. State, 872 So.2d 910 (Fla. 2d DCA 2004) (table decision)], she should have been aware of them and could have filed a motion to file a supplemental brief." 891 So.2d at 571. We therefore concluded "that the failure of appellate counsel to argue that the jury instruction on justifiable use of force constituted fundamental error was ineffective assistance of appellate counsel." Id.
We are compelled to reach the same conclusion in the present case. A determination as to whether the justifiable use of deadly force instruction constituted fundamental error requires a full review of the record on appeal. See id. We therefore instruct the trial court to, within thirty days from the issuance of the mandate in this case, appoint an appellate attorney to file a brief limited to the issue outlined above. Appellate counsel shall, within thirty days of the appointment, file a new notice of appeal and reference this opinion in the notice of the appeal.
Petition granted.
WHATLEY, SALCINES, and WALLACE, JJ., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).