911 So.2d 867 (2005)
David BROZEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5801.
District Court of Appeal of Florida, Second District.
September 28, 2005.
James Marion Moorman, Public Defender, and James C. Banks and Robert A. Morris, Special Assistant Public Defenders, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant *868 Attorney General, Tampa, for Appellee.
SALCINES, Judge.
David Brozey appeals his conviction for second-degree murder. He claims that the trial court erred when it denied his motion to suppress and denied his request for an expanded jury instruction. We reverse and remand for a new trial due to jury instruction error.
Brozey was charged with the shooting death of Jesus Sanchez. The testimony presented by the State revealed that Mr. Sanchez came to the home Brozey shared with his girlfriend, Kathryn Henry, and her two children. Brozey motioned for Sanchez to join him in the master bedroom and thereafter an argument ensued. Ms. Henry testified that she heard Brozey yelling, and she walked to the entranceway of the bedroom. She observed Brozey and Mr. Sanchez standing, locked arm-to-arm, fighting and struggling with each other. Ms. Henry's daughter came into the hallway, and she returned the child to her bedroom. As Ms. Henry walked back toward the master bedroom, she heard a gunshot.
At trial, defense counsel requested an instruction on justifiable use of deadly force. The trial court agreed that there was evidence to support a self-defense instruction but restricted the language within the instruction. The following instruction was given:
An issue in this case is whether the Defendant acted in self-defense. It is a defense to the offense with which DAVID BROZEY is charged if the death of or injury to Jesus Sanchez resulted from the justifiable use of force likely to cause death or great bodily harm.
The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting another's attempt to murder him.

(Emphasis added.) Defense counsel requested that the instruction also include a charge that Brozey was justified in using force likely to cause death or great bodily injury if he was resisting Sanchez's attempt to commit other forcible felonies in addition to murder. Specifically, defense counsel requested that the instruction include a provision that Brozey was resisting Mr. Sanchez's attempt to commit an assault, aggravated assault, aggravated battery, felony murder, robbery, and grand theft. The trial court declined to give an expanded instruction to include additional forcible felonies. It found there was no evidence presented that Mr. Sanchez had attempted to commit these other offenses. We disagree in part.
A trial court has broad discretion in deciding whether to give or withhold a jury instruction. Petrucelli v. State, 855 So.2d 150, 154-55 (Fla. 2d DCA 2003). A criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any evidence to support this theory. Upshaw v. State, 871 So.2d 1015, 1017 (Fla. 2d DCA 2004) (holding criminal defendant entitled to instruction on defense however "flimsy" the evidence or however weak or improbable the testimony); Worley v. State, 848 So.2d 491, 492 (Fla. 5th DCA 2003).
The trial court abused its discretion in limiting the jury charge. The trial court should have allowed an instruction on Brozey's justifiable use of force while resisting Mr. Sanchez's attempt to commit an aggravated battery upon him. Some evidence of this offense was presented in Ms. Henry's testimony. The trial court properly *869 determined that the evidence did not support the inclusion in the instruction of the other requested felonies.
Additionally, for purposes of retrial, we note a problem with a separate portion of this same self-defense instruction. The portion of the self-defense instruction we address is based upon the wording in section 776.041(1), Florida Statutes (2000), which states that the defense of justifiable use of force likely to cause death or great bodily harm is not available to a person who "[i]s attempting to commit, committing, or escaping after the commission of, a forcible felony." Brozey was charged with a single forcible felony: second-degree murder. The instruction stated:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. DAVID BROZEY was attempting to commit, committing, or escaping after the commission of Murder  Second Degree. . . .
(Emphasis added.) This court has held that the inclusion of the section 776.041(1) instruction is erroneous when a defendant has been charged with only a single forcible felony. See Moore v. State, 30 Fla. L. Weekly D1657, ___ So.2d ___, 2005 WL 1554597 (Fla. 2d DCA July 6, 2005); Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA 2004); Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004). The instruction as given was "circular and confusing to the jury such that it negated [the defendant's] defense" because the instruction improperly told the jury that "the very act [the defendant] sought to justify itself precluded a finding of justification." See Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002). Such a circular instruction has been held to constitute fundamental error. See Velazquez, 884 So.2d at 377; Zuniga, 869 So.2d at 1240; see also Hawk v. State, 902 So.2d 331 (Fla. 5th DCA 2005); Hardy v. State, 901 So.2d 985 (Fla. 4th DCA 2005). We caution the parties not to repeat this error when drafting jury instructions in the new trial.
We affirm the denial of Brozey's motion to suppress without further comment. The judgment and sentence are reversed and this case is remanded for a new trial due to the error in the self-defense jury instruction.
Reversed and remanded.
SILBERMAN and WALLACE, JJ., Concur.