912 So.2d 1252 (2005)
John Paul MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1953.
District Court of Appeal of Florida, Second District.
October 28, 2005.
*1253 James Marion Moorman, Public Defender, and James Dickson Crock, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
John Paul Moore challenges his conviction for aggravated battery with a deadly weapon. Because the trial court erred in giving an inaccurate and misleading instruction on the issue of justifiable use of deadly force, we reverse.
Moore contends that the trial court erred in instructing the jury that: "the use of force likely to cause death or great bodily harm is not justifiable if you find John Paul Moore was attempting to commit, committing, or escaping after the commission of aggravated battery as has been previously defined." This instruction, which is based on section 776.041(1), Florida Statutes (2002), is applicable only under circumstances where a defendant claiming self-defense is engaged in another independent forcible felony at the time. See Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002). Here, the only charge against Moore was aggravated battery with a deadly weapon. The giving of the instruction, therefore, was error that was not harmless because it improperly negated Moore's self-defense claim. See York v. State, 891 So.2d 569 (Fla. 2d DCA 2004); Bates v. State, 883 So.2d 907 (Fla. 2d DCA 2004); Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA), review denied, 890 So.2d 1115 (Fla.2004); Hernandez v. State, 884 So.2d 281 (Fla. 2d DCA 2004); Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004); Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004).
The State argues that the issue raised in this appeal was not preserved. However, the record reflects that defense counsel objected to the instruction during the charge conference and appropriately argued that the instruction was not applicable. We do not read the record to show that the defense abandoned the objection after the court overruled it and, therefore, conclude that the issue was preserved.
We reverse and remand for a new trial, which obviates the need to address the remaining issues raised on appeal.
WHATLEY and CANADY, JJ., Concur.