917 So.2d 939 (2005)
Curtis HICKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2598.
District Court of Appeal of Florida, Fourth District.
December 14, 2005.
Philip J. Massa of Philip J. Massa, P.A., West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Curtis Hickson, was convicted of aggravated battery on a police officer, *940 simple battery, and resisting arrest with violence. Hickson appealed to this court, and we affirmed. Hickson then petitioned this court for a writ of habeas corpus, arguing that his appellate counsel was ineffective on direct appeal for failing to object to an erroneous jury instruction. In Hickson v. State, 873 So.2d 474 (Fla. 4th DCA 2004), we granted the petition to allow Hickson a second appeal addressing his ineffective assistance of counsel claim. However, after a review of the entire record on appeal, we affirm. We find that the failure of Hickson's counsel to object to an erroneous jury instruction at trial did not amount to fundamental error because Hickson was not entitled to the self-defense instruction at trial.
In December 1999, Hickson was detained by a police officer for a traffic violation. He was asked to step out of the vehicle so that the officer could conduct a further search of the vehicle due to the odor of marijuana. Two additional officers were called to the scene for assistance. As one officer started to do a patdown search of Hickson to check for weapons, Hickson resisted and tried to push the officer away. Hickson was advised to stop resisting and that he was under arrest; however, Hickson continued to violently resist the officers' attempts to subdue him, punching the officers several times. The police officers used pepper spray and other trained police techniques to subdue him, but they were not able to control his violent behavior. During the course of his violent resistance, Hickson severely bit down on one officer's finger, damaging nerves in the officer's finger, and dragged another officer down the street with his car for a distance of twenty-five feet, causing this officer to undergo surgery and miss two months of work.
At trial, the court granted, over the State's objection, defense counsel's request for a self-defense jury instruction. As part of the self-defense instruction, the trial court included an instruction that read:
The use of force not likely to cause death or great bodily harm is not justifiable if you find, one, Curtis Hickson was attempting to commit or committing or escaping after the commission of an aggravated battery.
On appeal, Hickson argues that this instruction was confusing to the jury because it negated his only defense of self-defense, and therefore defense counsel's failure to object to this instruction constituted ineffective assistance of counsel. In support of his argument, Hickson cites Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), where we held that this type of instruction is appropriate only where the defendant claiming self-defense was engaged in committing another independent forcible felony at the time, and not where the only charge against the defendant is the same act he claimed was undertaken in self-defense. Id. at 1265. As a result, in Giles, we reversed the defendant's conviction and remanded for a new trial because the defendant was not engaged in a separate felonious act at the time of the alleged aggravated battery, so that the instruction was inapplicable. Id. at 1266.
However, in reaching our decision in Giles, we also found that there was evidence supporting the defendant's theory of defense, self-defense, and therefore the defendant was entitled to have the jury instructed on the law applicable to that theory of defense. Id. Hickson's case is distinguishable because there was no evidence presented at trial to support the inclusion of a self-defense instruction. Rather, the evidence clearly showed that Hickson was not acting in self-defense, but was violently resisting the officers' attempts *941 to arrest him. In fact, two officers were seriously injured during the altercation. See Vazquez v. State, 518 So.2d 1348, 1350 (Fla. 4th DCA 1987) (holding that a defendant who requests a jury instruction on the theory of his defense is entitled to have it, so long as there is evidence in the record to support that theory).
As a result, we conclude that because there was not sufficient evidence to warrant the inclusion of the self-defense instruction in the first place, defense counsel's failure to object to the instruction at trial on the grounds that the instruction was confusing to the jury and negated Hickson's only defense was not fundamental error. We therefore affirm Hickson's conviction and sentence.
Affirmed.
GUNTHER, GROSS and HAZOURI, JJ., concur.