919 So.2d 699 (2006)
Samuel D. GRANBERRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-2764.
District Court of Appeal of Florida, Fifth District.
February 3, 2006.
Samuel D. Granberry, Raiford, Pro Se.
*700 Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Samuel D. Granberry, seeks a belated appeal, claiming ineffective assistance of appellate counsel. Granberry was tried and convicted of second degree murder with a firearm and carrying a concealed weapon. On appeal, Granberry's appellate counsel filed an Anders brief,[1] raising only the question of whether the trial court erred in denying Granberry's motion for judgment of acquittal and for new trial. This Court affirmed. Granberry v. State, 860 So.2d 18 (Fla. 5th DCA 2003).
In reviewing Granberry's claim of ineffective assistance of appellate counsel, we must first determine whether counsel's alleged omission is of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance. Then, the court must determine whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. See Mansfield v. State, 911 So.2d 1160 (Fla. 2005); Dufour v. State, 905 So.2d 42 (Fla. 2005). A petitioner must allege a specific, serious omission or overt act by counsel that was prejudicial. See Johnson v. State, 903 So.2d 888 (Fla.2005); Bryant v. State, 901 So.2d 810 (Fla.2005). Appellate counsel is not ineffective for failing to raise an issue that was not preserved in the trial court unless the issue raises fundamental error. See Hendrix v. State, 908 So.2d 412 (Fla.2005); Dufour.
At his trial, Granberry argued that he acted in self-defense, and the standard instruction on self-defense was given without objection. Granberry argues that his appellate counsel was ineffective for failing to argue that fundamental error was committed in giving the standard jury instruction on self-defense, which reads, in pertinent part, "However, the use of force likely to cause death or great bodily harm is not justifiable if you find ... [t]he defendant was attempting to commit, committing or escaping after the commission of a forcible felony...."
Granberry relies on Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), and Davis v. State, 886 So.2d 332 (Fla. 5th DCA 2004), review denied, 898 So.2d 81 (Fla. 2005). In Giles, the court held that this instruction is erroneous because it was misleading and confusing and negated the defendant's only defense. The Giles court explained that the exception in the self-defense instruction is only applicable when the person claiming self-defense is engaged in another, independent forcible felony at the time self-defense is claimed. The court found that the instruction should not be given where the defendant was not engaged in a separate felonious act at the time of the charged offense. Giles was decided seven months before the initial brief in Granberry's original appeal was filed. In Davis, this Court agreed with Giles and granted a belated appeal based on a finding that appellate counsel was ineffective for failing to raise a challenge to the instruction, despite trial counsel's objection to it. This Court found that the decision in Giles was "clearly foreshadowed" by earlier case law. Davis was decided a year after Granberry's case was resolved in the circuit court.
Granberry concedes that trial counsel failed to preserve the error in the trial court. Consequently, we must decide *701 whether counsel's failure to raise the erroneous jury instruction on appeal constitutes fundamental error, which should have been raised by appellate counsel, despite the lack of an objection. In Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003), decided fifteen days after the initial affirmance of Granberry's case was issued, but a month before the motion for rehearing was denied, the court granted a belated appeal where no objection to the instruction was voiced, finding that counsel was ineffective for failing to argue that the instructional error was fundamental. See also Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004); Estevez v. Crosby, 858 So.2d 376 (Fla. 4th DCA 2003).
In Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003), decided eight days before Granberry's motion for rehearing was denied, the court held in a direct appeal that giving the instruction where there was no other independent forcible felony was fundamental error. The court opined that fundamental error results when an inaccurate or misleading jury instruction negates a defendant's only defense. See also Sloss v. State, 30 Fla. L. Weekly D2328, 2005 WL 2396309 (Fla. 5th DCA Sept. 30, 2005); Fair v. State, 902 So.2d 965 (Fla. 4th DCA 2005); Hawk v. State, 902 So.2d 331 (Fla. 5th DCA 2005); Carter v. State, 889 So.2d 937 (Fla. 5th DCA 2004), review denied, 903 So.2d 190 (Fla.2005); Cleveland v. State, 887 So.2d 362 (Fla. 5th DCA 2004).
In York v. State, 891 So.2d 569 (Fla. 2d DCA 2004), the court held that appellate counsel was ineffective for failing to raise the error, although not preserved, where Giles was decided before the initial brief was filed; Fair, which ruled that counsel was ineffective for failing to argue that the error was fundamental, was issued one day before the initial brief was filed; and Rich, which held that the error was fundamental, was decided prior to the filing of the answer brief. The court in York found that appellate counsel should have been aware of the cases and should have filed a motion to file a supplemental brief. See also Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005).
The State argues that Giles was decided after Granberry's trial and does not apply retroactively. However, the law at the time of appeal applies when determining whether appellate counsel was ineffective. See, e.g., Domberg v. State, 661 So.2d 285 (Fla.1995). Giles was decided long before the initial brief in Granberry's case was filed. Nonetheless, it is true that no case holding that the error was fundamental had been issued at the time. Significantly, however, before the motion for rehearing was denied in Granberry's case, the court in Fair and Estevez had held that appellate counsel was ineffective for not arguing fundamental error.
Appellate counsel is not required to anticipate changes in the law. See, e.g., Walton v. State, 847 So.2d 438 (Fla.2003); Gervasoni v. State, 766 So.2d 478 (Fla. 5th DCA 2000). In Alvord v. State, 396 So.2d 184, 191 (Fla.1981), the supreme court explained that "[t]he ineffectiveness of appellate counsel cannot be based upon the failure of counsel to assert a theory of law which was not at the time of the appeal fully articulated or established in the law." Nonetheless, there are cases that hold that appellate counsel is ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of an appeal, which could result in a reversal. See, e.g., McCann v. Moore, 763 So.2d 556 (Fla. 4th DCA 2000) (finding that counsel had ample time to call favorable decision from another district to court's attention, but failed to do so, so belated appeal granted); Ford v. Singletary, 689 So.2d 392 (Fla. 3d DCA 1997) (holding that counsel *702 was ineffective for failing to bring new supreme court decision to court's attention when it expressly applied to pipeline cases); Whatley v. State, 679 So.2d 1269 (Fla. 2d DCA 1996) (determining that although issue was not completely settled, counsel was ineffective for failing to cite favorable binding case law from another district in effect at time of pending appeal).
We conclude that the appellate counsel's failure to argue that the erroneous jury instruction on justifiable use of force amounted to fundamental error constituted ineffective assistance of appellate counsel. Accordingly, we grant the petition. A copy of this opinion shall be filed with the trial court and treated as the notice of appeal. PETITION GRANTED.
GRIFFIN and MONACO, JJ., concur.
ORFINGER, J., dissents, with opinion.
ORFINGER, J., dissenting.
I respectfully dissent for the reasons set forth in my dissent in Sloss v. State, 30 Fla. L. Weekly D2328, 2005 WL 2396309 (Fla. 5th DCA Sept. 30, 2005). I believe the problem must be addressed, if at all, in a timely rule 3.850 motion for postconviction relief. See Fla. R.Crim. P. 3.850.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).