RAMIREZ, J.
Kevaris Lamont Pollock appeals his conviction for manslaughter. We reverse and remand for a new trial because appellee State of Florida’s final argument, when combined with an error in the trial court’s instructions to the jury, denied Pollock due process of law.
Pollock was tried for first degree murder, armed robbery, eluding police and resisting an officer without violence in the shooting death of Larry Sheppard. In November 1997, Pollock was a seventeen-year-old student athlete attending Carol City Senior High School. Sheppard, who was twenty-four years old, befriended Pollock by bestowing financial assistance in the form of football and basketball shoes, as well as clothes for his newborn daughter. When Pollock learned early in 1998 that Sheppard was -a homosexual, he told the older man that he did not share that lifestyle, but Sheppard continued to bear gifts for Pollock’s baby.
On the evening of February 8, 1998, Sheppard invited Pollock to a movie. While driving home, Sheppard asked what Pollock was going to get him for Valentine’s Day. During the conversation, Sheppard began rubbing Pollock’s leg. Pollock pushed the hand away and repeated his feelings about “that kind of time.” Pollock testified that when they arrived at his apartment and he tried to leave the car, Sheppard had engaged the master lock on the passenger door, and began grabbing *656 Pollock’s leg, then tried to pry open the buttons of his pants. Pollock resisted, but Sheppard got his hand down Pollock’s pants and began rubbing him. Pollock reached into the glove compartment and grabbed Sheppard’s gun, whereupon Pollock shot Sheppard six times.
Pollock’s theory of defense was that he shot Sheppard in order to prevent an imminent sexual battery upon himself by Sheppard. On five different occasions during his closing remarks, the prosecutor misstated the law by arguing to the jury that Pollock was not in imminent danger of death or great bodily harm from an attempted sexual battery by Sheppard. This repeated argument emphasized and capitalized upon the erroneous jury instructions given by the court.
After giving instructions on justifiable homicide, the elements of first degree murder and lesser included offenses, the trial court instructed the jury that a person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another and the attempt to commit sexual battery upon himself or another. The correct instructions should have been “or.” The written jury instructions read: “[pjersons are justified in using force likely to cause death or great bodily harm if they reasonably believe that such force is necessary to prevent:
1. Imminent death or great bodily harm to themselves or another.
2. The imminent commission of sexual battery against themselves or another.”
The jury found Pollock guilty of manslaughter and eluding a police officer.
The prosecutor’s argument, together with both the oral and written jury instructions, incorrectly misled the jury into believing that is was necessary for Pollock to be in imminent danger of death or great bodily harm from a sexual battery in order for the shooting to be justified.
Section 776.012, Florida Statutes (2000), states:
A person is justified in the use of force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against such other’s imminent use of unlawful force. However, the person is justified in the use of deadly force only if he or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony, (emphasis added).
“A confusing and misleading jury instruction constitutes reversible error if there exists a reasonable possibility that the instruction contributed to the conviction.” Pieczynski v. State, 516 So.2d 1048, 1049 (Fla. 3d DCA 1987). “[T]he court should not give instructions which are confusing, contradictory or misleading.” Butler v. State, 493 So.2d 451, 452 (Fla.1986). An instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused them to arrive at a conclusion that otherwise they would not have reached.
In this case, the jury reduced the charge of first degree murder to manslaughter, rejecting the State’s contention that the shooting was premeditated and in furtherance of an attempted robbery. When combined with the mistake in the jury instructions, the prosecutor’s emphasis on imminent death or great bodily harm compounded the error and helped to confuse the jury as to the justifiable use of force during an attempted sexual battery.
*657 In fairness to the trial court judge, we recognize that the defense made no objections, either to the jury instructions or the State’s closing arguments. Nevertheless, the instruction given, coupled with the prosecutor’s comments, served to mislead the jury as to the entire theory of defense. We find that there was fundamental error in this case where the instructions were erroneous and where there were misleading comments made during the trial on the central issue of the case. See Palazzolo v. State, 754 So.2d 731, 737 (Fla. 2d DCA 2000).
Reversed and remanded for a new trial.