831 So.2d 253 (2002)
Rooney Lee THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D-01-1849.
District Court of Appeal of Florida, Third District.
November 27, 2002.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before LEVY, GERSTEN, and GODERICH, JJ.
PER CURIAM.
Rooney Lee Thomas ("defendant") appeals his conviction and sentence for aggravated battery. We reverse because the trial court erred in its instructions to the jury.
An incorrect jury instruction on the defense of justifiable use of deadly and non-deadly force constitutes fundamental error if there is a reasonable possibility that the instruction may have led to the conviction. See Pollock v. State, 818 So.2d 654 (Fla. 3d DCA 2002); Pieczynski v. State, 516 So.2d 1048 (Fla. 3d DCA 1987). *254 Such an error is compounded where the prosecutor emphasizes the lack of a threat of imminent harm during closing arguments. See Pollock v. State, 818 So.2d 654 (Fla. 3d DCA 2002).
Here, the defendant's theory of defense was justifiable force. However, the instructions read to the jury contained incorrect statements of the law regarding this affirmative defense. These erroneous instructions could have misled the jury and there is a reasonable possibility that these instructions led to the defendant's conviction.
The instructions, in conjunction with the prosecutor's contention that no threat of imminent harm existed, acted to negate the defendant's theory of defense. Due to these fundamental errors, the defendant's sentence and conviction must be reversed and the defendant is entitled to a new trial. See Pollock v. State, 818 So.2d 654 (Fla. 3d DCA 2002).
Reversed and remanded for a new trial.