858 So.2d 376 (2003)
George ESTEVEZ, Petitioner,
v.
James CROSBY, Secretary, Department of Corrections, Respondent.
No. 4D03-1535.
District Court of Appeal of Florida, Fourth District.
November 5, 2003.
George Estevez, Century, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
George Estevez filed a petition alleging ineffective assistance of appellate counsel. *377 We grant the petition, providing for a belated appeal limited to the issue of whether the trial court's jury instruction regarding self-defense constituted fundamental error.
The defendant was charged with, and found guilty of, a single count of aggravated battery. His sole defense at trial was self-defense. The court instructed the jury that his use of force against the victim was not justifiable if it were to find that the defendant was "attempting to commit, committing or escaping after the commission of aggravated battery." See § 776.041(1), Fla. Stat. (2001).[1] Defense counsel did not object to the instruction. However, the defendant argues that his appellate counsel should have raised this issue as fundamental error on direct appeal, and was ineffective when it failed to do so. We agree.
This instruction is to be given when the accused is charged with at least two offenses, the one for which the accused claims self-defense as well as a separate forcible felony. Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002). To instruct the jury that the accused was not entitled to use force if he was attempting to commit, committing, or escaping after committing the only crime charged is circular, confusing, and in essence negates the defense. However, the fundamental nature of the error can only be determined upon a review of the full record. See Fair v. Crosby, 2003 WL 22400708, 858 So.2d 1103 (Fla. 4th DCA 2003) (granting petition alleging ineffective assistance of appellate counsel). See also Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001); Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995). Appellate counsel's failure to raise the issue in the direct appeal undermines our confidence in the correctness of the result of that proceeding. Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (Fla.1984).
Accordingly, this opinion shall be filed with the lower tribunal and treated as the notice of belated appeal of the judgment and sentence entered on July 25, 2001. Upon receipt, the clerk of the lower court shall certify a copy of this opinion to this court in accordance with Florida Rule of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this court of the certified opinion. All time requirements of the Florida Rules of Appellate Procedures shall run from the date of this opinion. If Petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.
STEVENSON, SHAHOOD and MAY, JJ., concur.
NOTES
[1] Section 776.041, Fla. Stat. (2001), provides in pertinent part as follows:

The justification described in the preceding sections of this chapter is not available to a person who:
(1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony[.]