873 So.2d 474 (2004)
Curtis HICKSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D03-5017.
District Court of Appeal of Florida, Fourth District.
May 12, 2004.
Rehearing Denied June 10, 2004.
Curtis Hickson, South Bay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner Curtis Hickson seeks a second appeal of his convictions and sentences for aggravated battery on a police officer, simple battery and resisting arrest with violence. He has alleged three grounds for this relief. We deny grounds one and three as being without merit, but grant relief based on ground two for reasons which follow.
Ground two alleges a claim of ineffective assistance of appellate counsel. Hickson contends that his counsel failed to assert fundamental error with regard to a jury instruction that was given on forcible felony. He argues that, given his claim of self-defense at trial, the instruction was misleading and inappropriate and counsel should have argued fundamental error on appeal. We agree.
*475 At trial, the jury was instructed as follows:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Curtis Jackson [sic] is charged if the injury to Russ E. Mager and/or Richard Jacobson resulted from the justifiable use of force not likely to cause death or great bodily harm. Curtis Hickson would be justified in using force not likely to cause death or great bodily harm against Russ Mager and/or Richard Jacobson if the following two facts are proved, one, Curtis Hickson must have reasonably believed that such conduct was necessary to defend himself against Russ Mager and/or Richard Jacobson's imminent use of unlawful force against Curtis Hickson; and two, the use of unlawful force by Russ Mager and/or Richard Jacobson must have appeared to Curtis Hickson ready to take place.
The use of force not likely to cause death or great bodily harm is not justifiable if you find, one, Curtis Hickson was attempting to commit or committing or escaping after the commission of an aggravated battery; two, Curtis Bernard Hickson initially provoked the use of force against himself, unless the force asserted towards the defendant was so great that the defendant reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using force not likely to cause death or great bodily harm to Russ Mager and/or Richard Jacobson; in good faith, the defendant withdrew from the physical contact with Russ Mager and/or Richard Jacobson and indicated clearly to Russ Mager and Richardand/or Richard Jacobson that the defendant wanted to withdraw and stopped the use of force no [sic] likely to cause death or great bodily harm, but Russ E. Mager and/or Richard Jacobson continued or resumed the use of force.
We agree with petitioner that the instructions given were circular and confusing to the jury because they essentially negated his only defense, that being self-defense. We find support in Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), where we held that this type of instruction is appropriate only where the defendant claiming self-defense was engaged in committing another independent forcible felony at the time, and not where the only charge against the defendant is the same act he claimed was made in self-defense.
Although trial counsel did not object to this instruction, it may have constituted fundamental error which could have been raised for the first time on direct appeal. See Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). As such, this is the type of error or omission of appellate counsel which undermines the court's confidence in the correctness of the result of the direct appeal, so as to constitute ineffective assistance of appellate counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Estevez v. Crosby, 858 So.2d 376 (Fla. 4th DCA 2003). As we said in Estevez, however, the fundamental nature of the error can be determined only after review of the entire record on appeal. Id. See also Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003).
Therefore, we grant the petition and allow petitioner a second appeal on this issue as asserted in ground two only. This opinion shall be filed in the lower tribunal and treated as a notice of second or belated appeal of the judgments and sentences imposed in this case against petitioner in January 2001. Upon receipt, the clerk of the lower court shall certify a copy of this *476 opinion to this court in accordance with Florida Rule of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this court of the certified opinion. All time requirements of the Florida Rules of Appellate Procedure shall run from the date of this opinion. If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.
FARMER, C.J., STEVENSON and HAZOURI, JJ., concur.