883 So.2d 876 (2004)
Lorenzo DUNNAWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-108.
District Court of Appeal of Florida, Fourth District.
September 22, 2004.
*877 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Lorenzo Dunnaway, was originally charged with second degree murder and was found guilty as charged. The court thereafter granted appellant's motion for new trial, which was affirmed on appeal. See State v. Dunnaway, 778 So.2d 378 (Fla. 4th DCA 2001). Thereafter, the state filed an amended information, charging appellant again with second degree murder. Appellant's defense to the charge was that he acted in self defense.
A jury trial was held and appellant was found guilty of the lesser included offense of aggravated battery. He now appeals the second conviction and sentence, raising two issues on appeal. As his first issue, appellant argues that fundamental error occurred when the trial court instructed the jury upon the justifiable use of both deadly and non-deadly force in such a manner so as to negate his defense. We agree with appellant's position, and reverse and remand for a new trial.
In this case, the trial court, without objection from appellant, gave the following instruction to the jury with regard to justifiable use of deadly force:
An issue in this case is whether the Defendant acted in self-defense. It is a defense to the offense which Lorenzo Dunnaway is charged if [the death of] Elizabeth Miller, also known as Elizabeth Ferguson resulted from the justifiable use of force likely to cause death or great bodily harm.
The use of force likely to cause death or great bodily harm is justifiable only if the Defendant reasonably believed that the force is necessary to prevent imminent death or great bodily harm to himself while resisting another's attempt to murder him or any attempt to commit aggravated battery upon him.
A person is justified in using force likely to cause death or great bodily harm if he or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself, herself or another, the imminent *878 commission of aggravated battery against himself, or another.
However, the use of force likely to cause death or great bodily harm is not justifiable if you find that Lorenzo Dunnaway was attempting to commit, was committing or escaping after the commission of aggravated battery or Lorenzo Dunnaway initially provoked the use of force against himself unless one of two things is the case:
A: The force asserted towards the Defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger other than using force likely to cause death or great bodily harm to Ms. Miller also known as Ms. Ferguson.
... and in good faith the Defendant withdrew from physical contact with [the victim], and indicated clearly to [the victim] that he wanted to withdraw and stop the use of force likely to cause death or great bodily harm, but [the victim] continued or resumed the use of force.
The court also gave a similar instruction on the charge of justifiable use of force not likely to cause death or great bodily harm, as follows:
The use of force likely to cause death or great bodily harm is not justifiable if you find:
First, that Lorenzo Dunnaway was attempting to commit, committing or escaping after the commission of aggravated battery.
Appellant argues that the instructions were misleading and confusing, negated his defense of self-defense, and warrant reversal even though he did not object. We agree.
In Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), this court held that the same language used by the trial court in this case was misleading and confusing in an aggravated battery trial where the defendant's defense was self defense. The language at issue is based on section 776.041(1), Florida Statutes, which states that use of force by an aggressor is not justified if the person is "attempting to commit, committing, or escaping after the commission of, a forcible felony." Id. at 1265. In Giles, we held that this section is applicable only in situations in which the person claiming self defense is, at that time, committing another forcible felony. Id. Typically, as this court explained, the instruction is given "in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony." Id. The Giles court held:
[T]the proper test for determining the applicability of the instruction is not whether the self-defense act itself could qualify as a forcible felony, but whether, at the time of the self-defense, the accused was engaged in a separate forcible felonious act.... Here, Giles was not engaged in a separate felonious act at the time of the alleged aggravated battery and so the instruction was inapplicable. At the very least, the instruction given was circular and confusing to the jury such that it basically negated Giles' defense.... Although the state asserts that Giles was not entitled to a self-defense instruction based on the facts, the appropriateness of the self-defense instruction is not an issue on appeal. In any event, as there was evidence supporting Giles' theory of defense, he is entitled to have the jury instructed on the law applicable to that theory of defense.
Id. at 1266 (citations omitted).
Thereafter, in Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003), this court held *879 that the error discussed in Giles was fundamental error, explaining:
Although appellant did not object to this instruction, we hold that it is fundamental error. "An incorrect jury instruction on the defense of justifiable use of deadly and non-deadly force constitutes fundamental error if there is a reasonable possibility that the instruction may have led to the conviction." Thomas v. State, 831 So.2d 253, 253 (Fla. 3d DCA 2002) (citations omitted). We determined in Giles that this instruction was misleading, and it was reasonably possible that it contributed to Giles' conviction under circumstances similar to this case. 831 So.2d at 1266. In addition, we have held that fundamental error results where an inaccurate and misleading instruction negates a defendant's only defense. See Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001).
Id. at 1210-11.
Accordingly, based on Giles and Rich, we reverse and remand for a new trial holding that the instructions given in this case were misleading, confusing, and negated appellant's defense of self defense. In that we are reversing for a new trial on appellant's first issue raised, we decline to discuss appellant's second issue.
REVERSED AND REMANDED.
WARNER, J., and GATES, MICHAEL L., Associate Judge, concur.