953 So.2d 647 (2007)
Lawrence C. PERMENTER, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-4031.
District Court of Appeal of Florida, Fourth District.
March 28, 2007.
Jason T. Forman of the Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
The petitioner, Lawrence C. Permenter, claims ineffective assistance of appellate counsel for failing to raise, as fundamental error, an issue concerning the so-called "forcible felony exception," which negated his claim of self-defense. See Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002); Zinnerman v. State, 942 So.2d 932, 933 (Fla. 5th DCA 2006). We have previously held that such an instruction could be considered fundamental error and, thus, raised on direct appeal without a contemporaneous objection. Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003).
The limited record before this court shows Permenter was charged with a single count of second-degree murder. Permenter claimed he acted in self-defense after the victim threatened him by showing a firearm in the victim's waistband. *648 The judge instructed the jury on self-defense and used the forcible felony instruction that prevented the jury from finding the killing justified if Permenter "was attempting to commit, committing, or escaping after the commission of aggravated assault." This instruction, on its face, may be exactly what Giles prohibits and, thus, Permenter's appellate attorney had reason to raise this issue on appeal, even without a contemporaneous objection.
In accordance with Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003), we grant the petition and grant Permenter a new appeal concerning this issue alone. Id. at 1105 ("The fundamental nature of the error can be gleaned only from a review of the full record on appeal."). Accordingly, this opinion shall be filed with the lower tribunal and treated as the notice of belated appeal of the judgment and sentence entered in L.T. case number 01-14126CF10A. Upon receipt, the clerk of the lower court shall certify a copy of this opinion to this court in accordance with Florida Rule of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this court of the certified opinion. All time requirements of the Florida Rules of Appellate Procedure shall run from the date of this opinion. If Permenter qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.
STONE, SHAHOOD and TAYLOR, JJ., concur.