975 So.2d 1275 (2008)
David W. FARMER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4340.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
John F. Cotrone, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We affirm appellant's conviction for third degree murder, finding no fundamental error in the jury instruction on justifiable use of deadly force.
David Farmer was charged with the first degree murder of Steve Miller. Farmer and Miller got into a fight over a woman. The fight lasted less than thirty seconds; Miller was eight inches taller and heavier than Farmer, who suffered a bloody nose. Walking away from the fight, and feeling like a coward, Farmer said he would be back. Miller said, "If he comes back, I'll kick his ass again."
Within minutes, Farmer was back and the fight began anew. Farmer and Miller tussled and fell down a staircase. During the fight, Farmer twice stabbed Miller with a work tool. Miller died shortly after he was rushed to an emergency room. At trial, Farmer testified that because he feared for his life, he stabbed Miller to try to escape from the struggle.
The circuit court instructed the jury on first degree murder, and the lesser included offenses of second degree murder, third degree felony murder, and manslaughter. The court instructed the jury on justifiable and excusable homicide. The court's instruction on the justifiable use of deadly force included this excerpt:
A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another.

However, the use of force likely to cause death or great bodily harm is not justifiable if you find that the defendant, David Farmer was attempting to commit, committing or escaping after the *1276 commission of an aggravating [sic] battery.

The defense did not object to the giving of this instruction. The italicized portion of the instruction is almost identical to the one given in Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002), that we found to be so "circular and confusing" that it negated the defense. In Dunnaway v. State, 883 So.2d 876 (Fla. 4th DCA 2004), we held that the giving of the Giles jury instruction was fundamental error. See also Ruiz v. State, 900 So.2d 733 (Fla. 4th DCA 2005) ("The lower court committed fundamental error by charging the jury on the `forcible felony' exception to self-defense where appellant was not engaged in an independent forcible felony."); Hickson v. State, 873 So.2d 474 (Fla. 4th DCA 2004).
However, the recent case of Martinez v. State, 33 Fla. L. Weekly S125, *9, ___ So.2d ___, ___, 2008 WL 450327 (Fla. Feb. 21, 2008), expressly disapproved of cases such as Dunnaway, "which hold that an erroneous reading of the forcible felony jury instruction always constitutes fundamental error."[1] In Dunnaway, we held that the erroneous instruction "constitutes fundamental error if there is a reasonable possibility that the instruction may have led to the conviction." 883 So.2d at 879. Martinez recognized that the correct test for fundamental error in a jury instruction is more severe:
To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict."

Martinez, 33 Fla. L. Weekly S125 at *5, ___ So.2d at ____ (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (quoting Brown v. State, 124 So.2d 481, 484 (Fla. 1960))) (emphasis added). When the challenged jury instruction involves an affirmative defense, "fundamental error only occurs where a jury instruction is `so flawed as to deprive defendants claiming the defense . . . of a fair trial.'" Martinez, 33 Fla. L. Weekly S125 at *5, ___ So.2d at ___ (quoting Smith v. State, 521 So.2d 106, 108 (Fla.1988)).
Under Martinez, a court's fundamental error analysis requires a review of the complete record in the case to see if the erroneous instruction deprived the defendant of a fair trial. Using this test, we hold that the erroneous instruction did not give rise to fundamental error.
Neither the state nor the defense referred to the erroneous instruction in closing argument. The defense attorney referred to another portion of the instruction, involving a defendant who "initially provoked the force," which applied here because the killing arose after Farmer returned to the scene and jumped the victim to defend his honor. The defense attorney argued that this case fit within the definition of justifiable homicide:
This is not someone who committed premeditated murder. This is someone who came back to confront Steve Miller and because of a stupid decision, who then gets himself in a situation where he fears that he is going to pass out or die, and then he takes the only action left [for] him to get out of there.
*1277 The prosecutor did not mention the erroneous instruction; he argued a different aspect of self-defense, that deadly force was not justified because the appearance of danger was not "so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force."
The erroneous charge was part of a set of jury instructions that experienced criminal lawyers have difficulty explaining.[2] In addition to justifiable homicide and excusable homicide, the trial judge read the Giles instruction as part of the standard charge on justifiable use of deadly force. See Fla. Std. Jury Instr. (Crim.) 3.6(f). To quote Professor Lawrence Friedman, the language of a charge such as 3.6(f) is "technical, legalistic, utterly opaque . . . [and] almost useless as a way to communicate to juries; the medium contain[s] no message." Lawrence M. Friedman, A History of American Law 399 (2d ed. 1985) (quoted in John L. Kane, Giving Trials a Second Look, 80 Denv. U.L.Rev. 738, 739 (2003)). We suspect that instead of trying to parse the legal nuances of the charge, or trying to figure out how the charge on justifiable use of deadly force relates to excusable or justifiable homicide, juries use their common experience and apply a street version of self defense that allows a defendant to use a reasonable amount of force under the circumstances, and no more.
With this difficult jury instruction and the failure of either lawyer to mention the erroneous portion of it, we do not find that the instruction deprived Farmer of his defense. The prosecutor did not exploit the erroneous instruction in closing argument. The defense attorney competently used other portions of the jury charge to make his defense. Two trained lawyers and an experienced trial judge did not notice the error. It is unlikely that a jury of laymen would have seized on one errant sentence in pages of instructions to decide the case.
Affirmed.
WARNER and FARMER, JJ., concur.
NOTES
[1] Martinez declined to address "whether the improper reading of [the forcible felony] jury instruction can ever constitute fundamental error." 33 Fla. L. Weekly S 125 at *6 n. 5, ___ So.2d at ____ n. 5.
[2] The supreme court recognized in Martinez that the error with the forcible felony portion of Charge 3.6(f) occurs with "frequency." 33 Fla. L. Weekly S125 at *6 n. 5, ___ So.2d at ____ n. 5. We agree with the supreme court on the frequency of the error in the forcible felony jury instruction; in spite of numerous appellate decisions, courts persist in giving the incorrect instruction, usually with no objection from the defense or the state. The frequency of this error supports the view that the giving of the erroneous charge cannot be fundamental error  a charge that so baffles trained lawyers and judges is unlikely to have a profound effect on jurors who are confronting a Gordian knot of law for the first time.