978 So.2d 277 (2008)
Lawrence C. PERMENTER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2373.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
*278 Jason T. Forman of Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
The state charged Permenter with a single count of second-degree murder. Permenter's sole defense was that he acted in self-defense. In instructing the jury on self-defense, the trial court read, without objection, the following instruction:
The person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent or great bodily harm to himself or the imminent commission of aggravated assault [sic] against himself.
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:

Lawrence C. Permenter . . . was attempting to commit, committing, or escaping after the commission of aggravated assault. . . .
The jury found Permenter guilty of manslaughter.
We previously granted Permenter's petition alleging ineffective assistance of appellate counsel. See Permenter v. State, 953 So.2d 647, 648 (Fla. 4th DCA 2007). Permenter now seeks a new trial, claiming fundamental error in the jury instruction. We affirm.
We recognize that the instruction was erroneous because Permenter was charged with a single offense. The relevant jury instruction was recently amended to state that it should be given "only if the defendant is charged with more than one forcible felony." Fla. Std. Jury Instr. (Crim.) 3.6(f). We conclude, however, that, here, the erroneous instruction did not amount to fundamental error.
The supreme court recently decided Martinez v. State, 33 Fla. L. Weekly S125, ___ So.2d ___, 2008 WL 450327 (Fla. Feb. 21, 2008), which addressed the fundamental error analysis in reviewing erroneous jury instruction. Martinez was charged with attempted first-degree murder, and the trial court gave the forcible felony instruction on self-defense. The supreme court held that "the erroneous forcible felony instruction did not deprive Martinez of a fair trial and, therefore, fundamental error did not occur." Id. at *6, at ___.
*279 Outlining the correct test, the Martinez court explained that "[w]here the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is `so flawed as to deprive defendants claiming the defense . . . of a fair trial.'" Id. at *5 (quoting Smith v. State, 521 So.2d 106, 108 (Fla. 1988)).[1]
Subsequently, this court, in Farmer v. State, 975 So.2d 1275, 1276 (Fla. 4th DCA 2008), declined to find fundamental error where "[n]either the state nor the defense referred to the erroneous instruction in closing argument." In Farmer, "[t]he defense attorney referred to another portion of the instruction, involving a defendant who `initially provoked the force,'" and the prosecutor argued that deadly force was not justified because danger did not appear real. This court failed to find fundamental error, reasoning that the confusing language of the instruction leads "juries [to] use their common experience and apply a street version of self defense." Id. at 1277 ("With this difficult jury instruction and the failure of either lawyer to mention the erroneous portion of it, we do not find that the instruction deprived Farmer of his defense.").
Here, similar to the state's closing in Farmer, the state did not specifically refer to the erroneous portion of the forcible felony exception to self-defense instruction.
Further, here, the state argued that "it wasn't [the victim] that was otherwise committing an aggravated assault against Lawrence Permenter. It was Lawrence Permenter who committed the act of violence ultimately and deliberately," and "he deliberately shot and killed [victim] in anger, not a planned murder, but one done in anger and fury and resentment." In response, the defense attorney focused on Permenter's inability to retreat, not the erroneous portion of the jury instruction.
Prior to Martinez, we would be obliged to reverse on the authority of this court's opinions in Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003), and Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002). However, following the reasoning in Farmer and Martinez, the prosecutor in this case "did not exploit the erroneous instruction in closing argument," and a review of the record fails to show that the erroneous instruction deprived the defendant of a fair trial. Farmer, 975 So.2d at 1277.
Therefore, the judgment and sentence are affirmed.
WARNER and GROSS, JJ., concur.
NOTES
[1] Martinez declined to address whether an erroneous forcible felony instruction could ever constitute fundamental error. Id. at *6 n. 5, at 521 So.2d 106, 108 n. 5.