ON REMAND FROM THE FLORIDA SUPREME COURT
 

 PER CURIAM.
 

 In
 
 McJimsey v. State,
 
 959 So.2d 1257 (Fla. 4th DCA 2007), we reversed for a new trial, holding that the trial court committed fundamental error when it gave an incorrect self-defense jury instruction on the justifiable use of deadly force. However, our opinion was quashed by the Florida Supreme Court and remanded for reconsideration in light of
 
 Martinez v. State,
 
 981 So.2d 449 (Fla.2008).
 
 State v. McJimsey,
 
 999 So.2d 1062 (Fla.2009). In
 
 Martinez,
 
 the supreme court stated that “it is error for the trial court to read the forcible felony instruction to the jury where the defendant is not charged with an independent forcible felony. However, the erroneous reading of this instruction constitutes fundamental error
 
 only when it deprives the defendant of a fair trial.” Martinez,
 
 981 So.2d at 457 (emphasis in original).
 

 Appellant was charged with armed attempted first-degree murder, to which he
 
 *798
 
 asserted a claim of self-defense. Although the trial court erroneously read the forcible-felony portion of the self-defense instruction to the jury, we determine that such error was not fundamental.
 
 See Martinez,
 
 981 So.2d 449;
 
 Permenter v. State,
 
 978 So.2d 277 (Fla. 4th DCA 2008);
 
 Farmer v. State,
 
 975 So.2d 1275 (Fla. 4th DCA 2008),
 
 rev. denied,
 
 988 So.2d 621 (Fla.2008). A review of the record fails to show that the instruction deprived appellant of a fair trial. Appellant’s claim of self-defense was weak. Appellant received no visible injuries when the victim allegedly bashed his head against the floor in the foyer by the front door. He returned to the living area to retrieve his knife and then stabbed the victim on the
 
 back
 
 of his shoulder and multiple times in the abdomen, with enough force to kill him. The record further shows that the state did not argue the forcible-felony exception to self-defense in its closing argument. We thus affirm appellant’s judgment of conviction and sentence.
 

 Affirmed.
 

 WARNER, TAYLOR and HAZOURI, JJ., concur.