PER CURIAM.
 

 In
 
 Clark v. State,
 
 876 So.2d 1259 (Fla. 4th DCA 2004), this court affirmed Walter Clark’s conviction for aggravated battery on a law enforcement officer (LEO) but reversed a battery on a LEO conviction that violated double jeopardy. Following resentencing and a subsequent appeal, Clark has now filed a petition alleging that his appellate counsel was ineffective in failing to argue in the direct appeal that fundamental error occurred when the jury was instructed regarding the forcible-felony-exception to a claim of self defense.
 
 See
 
 § 776.041(1), Fla. Stat. (1999) (prohibiting the use of force by one who is “attempting to commit, committing, or escaping after the commission of, a forcible felony”). We deny the petition.
 

 The forcible-felony-exception instruction is given only where a defendant is charged with a separate, independent forcible felony, i.e., a forcible felony other than the one for which the defendant claims self defense.
 
 Giles v. State,
 
 831 So.2d 1263 (Fla. 4th DCA 2002) (recognizing that giving this instruction where no independent forcible felony is alleged is misleading and circular and effectively negated the only defense to the charge);
 
 see In re Std. Jury Instr. in Crim. Cases,
 
 976 So.2d 1081, 1084 (Fla.2008) (citing
 
 Giles
 
 and amending the standard instruction on self defense to explain that the instruction is given only if the defendant is charged with an independent forcible felony).
 

 This court once held that erroneously giving the forcible-felony-exception instruction was fundamental error where it was “reasonably possible” that the instruction contributed to the conviction.
 
 See, e.g., Dunnaway v. State,
 
 883 So.2d 876 (Fla. 4th DCA 2004);
 
 Rich v. State,
 
 858 So.2d 1210 (Fla. 4th DCA 2003). The Florida Supreme Court later rejected the notion that the instruction
 
 always
 
 constitutes fundamental error and explained that the standard for fundamental error in an instruction relating to an affirmative defense is more stringent.
 
 Martinez v. State,
 
 981 So.2d 449, 455-56 (Fla.2008) (clarifying that error in giving instruction is not
 
 per se
 
 fundamental error and that issue depends on whether the instruction was so flawed that it deprived the defendant of a fair trial).
 

 
 *1215
 
 In cases before
 
 Martinez,
 
 this court granted petitions that raised a claim of ineffective assistance of appellate counsel based on failure to raise this issue and ordered a belated appeal so the entire record could be reviewed to determine if fundamental error occurred.
 
 Permenter v. State (Permenter I),
 
 953 So.2d 647, 648 (Fla. 4th DCA 2007);
 
 Fair v. Crosby,
 
 858 So.2d 1103, 1105 (Fla. 4th DCA 2003) (“The fundamental nature of the error can be gleaned only from a review of the full record on appeal.”).
 

 In reviewing the issue after
 
 Martinez,
 
 this court has found that the error is not fundamental where the State did not rely on the erroneous instruction in closing argument, and the defendant was not deprived of a fair trial by the erroneous instruction.
 
 Permenter v. State (Permenter II),
 
 978 So.2d 277 (Fla. 4th DCA 2008);
 
 Farmer v. State,
 
 975 So.2d 1275 (Fla. 4th DCA 2008).
 

 In its response to this court’s order to show cause why this petition should not be granted, the State provided record attachments which demonstrate that fundamental error did not occur in this case and that the allegedly erroneous instruction did not deprive Clark of a fair trial. Clark’s claim of self defense against excessive police force was dubious, and the State did not expressly rely on the forcible-felony exception in arguing against Clark’s claim of self defense. The State’s argument against self defense at trial focused on the factual implausibility of Clark’s account of the events that led to Clark biting the police officer in the face.
 

 The fundamental error doctrine “should be applied only in rare cases ... where the interests of justice present a compelling demand for its application.”
 
 Martinez,
 
 981 So.2d at 455 (citations omitted). This is not one of those rare cases.
 

 We clarify that this court will not grant a petition alleging ineffective assistance of appellate counsel, or require a belated appeal, unless the petitioner makes a prima facie showing that the circumstances of the case are such that the giving of the forcible-felony-exception instruction may have constituted fundamental error. Further, as in this case, this court will deny such petitions when the State’s response demonstrates that fundamental error did not occur.
 

 GROSS, C.J., DAMOORGIAN and CIKLIN, JJ., concur.