PER CURIAM.
Andre Kerian Clarke (Defendant) appeals an order summarily denying his Rule 3.850 motion for postconviction relief. We affirm in part and reverse in part.
Defendant was charged with (I) Second Degree Murder With a Firearm and (II) Aggravated Battery with a Firearm. The evidence presented at his jury trial showed that Defendant was with three other men at a strip club when Larry Lark, the club’s bouncer, escorted Joel Colas, one of Defendant’s group, out of the establishment. The rest of the group followed. Outside the club, Lark and Colas exchanged words and then began to have a physical altercation. Another club employee, bartender Rafael Vasallo, entered the fray, taking a swing at Colas. Lark gained the upper hand in the fray and began to beat Colas severely, but no one attempted to pull Lark away from Colas. Colas’s beating did not end until Defendant shot Lark in the head and Vasallo in the leg. Lark was pronounced dead at the scene. Defendant was found guilty as charged.
Relevant to the instant appeal, the second of two issues which Defendant raised on direct appeal was whether the incorrect and inaccurate jury instructions given on defense of others rose to the level of fundamental error. The prosecutor and defense counsel together prepared instructions that were based on the standard jury instructions for use when the defense is self defense, but inserted the words “or another” as appropriate. We affirmed per curiam without opinion. Clarke v. State, 954 So.2d 36 (Fla. 4th DCA 2007) (Table).
In the instant Rule 3.850 motion for postconviction relief, Defendant raised four grounds for relief, the fourth ground containing eleven subparts. His first three grounds claimed his trial counsel was ineffective in connection with the jury instructions. The trial court summarily denied all three claims as procedurally barred because Defendant raised as fundamental error on appeal the giving of erroneous jury instructions. In denying relief, the court cited to Chandler v. State, 848 So.2d 1031 (Fla.2003), in which the supreme court found that the appellant could not show Strickland prejudice where on direct appeal the court concluded that no fundamental error occurred in prosecutorial comments to which no objection was lodged. See id. at 1046. (“Because Chandler could not show the comments were fundamental error on direct appeal, he likewise cannot show that trial counsel’s failure to object to the comments resulted in prejudice sufficient to undermine the outcome of the case under the prejudice prong of the Strickland test.”) See also Lowe v. State, 2 So.3d 21, 38 (Fla.2008) (“Because the Court found no fundamental error [on direct appeal], Lowe fails to demonstrate that counsel’s failure to object to the comments resulted in prejudice suffi *765 cient to undermine the outcome of the trial under Strickland.”).
We distinguish Lowe and Chandler, because in both cases the supreme court had issued written opinions on direct appeal, in which it held that fundamental error had not occurred. In contrast, we affirmed the direct appeal of the instant case without a written opinion. An affirmance without opinion does not reveal whether this court found that no fundamental error occurred, as was the case in both Lowe and Chandler.
In Bruno v. State, 807 So.2d 55, 63 (Fla.2001), the supreme court explained that claims of ineffective assistance are not procedurally barred through a direct appeal:
The trial court concluded that this claim was barred because it either was, or could have been, raised on direct appeal. This was error. Whereas the main question on direct appeal is whether the trial court erred, the main question in a Strickland claim is whether trial counsel was ineffective. Both claims may arise from the same underlying facts, but the claims themselves are distinct and-of necessity-have different remedies: A claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion, and a claim of ineffectiveness generally can be raised in a rule 3.850 motion but not on direct appeal. A defendant thus has little choice: As a rule, he or she can only raise an ineffectiveness claim via a rule 3.850 motion, even if the same underlying facts also supported, or could have supported, a claim of error on direct appeal
In Bruno, the court addressed a claim of ineffective assistance in failing to object to jury instructions, finding that it was not procedurally barred where the court had summarily disposed of the same matter on direct appeal. Similarly, in this case our prior summary affirmance did not decide the issue of ineffectiveness raised in this postconviction motion. Thus, we conclude that the trial court erred in determining that these issues were procedurally barred.
Nevertheless, we affirm the summary denial of that part of the first and second grounds for relief in which Defendant claimed his trial counsel was ineffective for agreeing to use self defense instructions rather than a charge-specific special jury instruction, as he did not suggest what language would have been more appropriate or demonstrate how he was prejudiced by the instruction his counsel assisted in crafting. Moreover, in Bruno the court held that the standard charge for self defense as modified to include the use of force to prevent death or great bodily harm to “himself or another” was adequate to explain the defense of another. Id.
We reverse the summary denial of that portion of the first and second grounds concerning jury instructions in which Defendant alleged counsel was ineffective for including in the jury instructions the forcible felony exception and the instruction on use of force by aggressor, which would have negated his defense of defense of another. These issues were not addressed in the direct appeal, and although the state maintains that the trial court never gave those specific instructions, it did not include a transcript of the jury instructions to conclusively refute Defendant’s claim regarding these instructions.
In Defendant’s third ground, he claimed his trial counsel was ineffective for failing to object to the use of the “and/or” conjunction in the jury instructions when referring to the victims, which, he alleged, prohibited the jury from finding he was *766 justified in using deadly force against Lark unless he was also justified in using deadly force against Vasallo. We affirm the summary denial, not as procedurally barred, but because we agree with the state that the language, which Defendant quoted in his motion, did not have the meaning which Defendant ascribed to it and was not objectionable.
Finally, we affirm without discussion the summary denial of Defendant’s claim for postconviction relief in his fourth ground, in which he contends that counsel was ineffective in failing to object to portions of the prosecutor’s closing arguments. We agree with the trial court that many of Defendant’s claims are refuted by the record or otherwise lack merit.
Accordingly, we reverse the summary denial of those portions of grounds one and two for postconviction relief regarding jury instructions, and remand for further proceedings. In all other respects, we affirm.

Affirmed in part, Reversed in part, and Remanded.

WARNER, TAYLOR and HAZOURI, JJ., concur.