PER CURIAM.
Rodney Furney appeals an order summarily denying his rule 3.850 motion. In *1096 denying his motion, the trial court ruled that the fundamental error issues Furney raised in his direct appeal procedurally barred the claims of ineffective assistance of counsel he alleged in the instant rule 3.850 motion. See Furney v. State, 932 So.2d 208 (Fla. 4th DCA 2006) (affirmed per curiam without a written opinion). When ruling on the motion, however, the trial court did not have the benefit of our opinion to the contrary. See Clarke v. State, 102 So.3d 763, 765 (Fla. 4th DCA 2012) (holding that an affirmance without a written opinion does not reveal whether the reviewing court did not find fundamental error); see also Ruiz v. State, 108 So.3d 694, 696 (Fla. 2d DCA 2013) (“It is well established that an affirmance of a direct appeal on an unpreserved issue does not bar a defendant from seeking postconviction review under a claim of ineffective assistance of counsel.”).
Rather than merely reverse for the trial court to reconsider the rule 3.850 motion, we treat the appeal as a petition for writ of habeas corpus to prevent a manifest injustice and ordered supplemental briefing on the issue of whether Furney should be granted a belated appeal. See Carswell v. State, 23 So.3d 195, 197 (Fla. 4th DCA 2009); Johnson v. State, 9 So.3d 640, 640 (Fla. 4th DCA 2009); Lago v. State, 975 So.2d 613, 614 (Fla. 3d DCA 2008). Having considered the parties’ supplemental briefs and the entire trial transcript, we grant Furney a new trial.
In 2003, the State charged Furney with aggravated battery and two counts of aggravated assault with a firearm. At his jury trial in 2005, there was conflicting testimony about a fight at a campsite. The State’s witnesses testified that Furney was the aggressor, and that he beat one of them in the face and shot a gun in their direction when they were driving away. Furney and his girlfriend told a different story, contending that the alleged victims instigated the fight by attacking and punching Furney, causing him to retreat to his camper, retrieve his gun, and fire it in their general direction to scare them off. Furney raised the defense of self defense as to all three charges.
Without objection, the trial court instructed the jury on the forcible felony exception to self defense, negating his sole defense. The instruction was based on section 776.041, Florida Statutes (2002), which provides in pertinent part:
The justification described in the preceding sections of this chapter [concerning use of force in defense of person or in defense of others] is not available to a person who:
(1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony....
§ 776.041(1), Fla. Stat. (2002).
With respect to the battery charge, the jury was instructed that the use of non-deadly force in self defense was not justified if they found that Furney was attempting to commit, committing, or escaping after the commission of a felony battery or aggravated assault-the same offenses that he admitted to committing in self defense. With respect to the two counts of aggravated assault, the jury was likewise instructed that the use of deadly force in self defense was not justified if they found he was attempting to commit, committing, or escaping after the commission of a felony battery or aggravated assault-again, the same offenses he admitted to committing in self defense. Furney was found guilty of counts I and II. (Count III pertained to an alleged victim who did not testify at trial.)
By the time of Furney’s appeal in 2005-06, we had already reversed many convictions involving similar circumstances. In those cases, we held that it was fundamen *1097 tal error to give the forcible felony exception to the self defense instruction when the defendant was not accused of committing a separate forcible felony and the instruction negated the defendant’s sole defense. See Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002); Rich v. State, 858 So.2d 1210, 1210 (Fla. 4th DCA 2003); Hickson v. State, 873 So.2d 474, 475 (Fla. 4th DCA 2004).
In 2008, the supreme court narrowed the circumstances where the giving of the forcible felony instruction will result in a reversal. It held that such an erroneous instruction is not per se fundamental error, but rather, that the issue depends on whether the instruction was so flawed that it deprived the defendant of a fair trial. Martinez v. State, 981 So.2d 449, 455-56 (Fla.2008). In Clark v. State, 23 So.3d 1213, 1214-15 (Fla. 4th DCA 2009), we explained the effect of Martinez:
This court once held that erroneously giving the forcible-felony-exception instruction was fundamental error where it was “reasonably possible” that the instruction contributed to the conviction. See, e.g., Dunnaway v. State, 883 So.2d 876 (Fla. 4th DCA 2004); Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). The Florida Supreme Court later rejected the notion that the instruction always constitutes fundamental error and explained that the standard for fundamental error in an instruction relating to an affirmative defense is more stringent. Martinez v. State, 981 So.2d 449, 455-56 (Fla.2008) (clarifying that error in giving instruction is not per se fundamental error and that issue depends on whether the instruction was so flawed that it deprived the defendant of a fair trial).
In cases before Martinez, this court granted petitions that raised a claim of ineffective assistance of appellate counsel based on failure to raise this issue and ordered a belated appeal so the entire record could be reviewed to determine if fundamental error occurred. Permenter v. State (Permenter I), 953 So.2d 647, 648 (Fla. 4th DCA 2007); Fair v. Crosby, 858 So.2d 1103, 1105 (Fla.4th DCA 2003) (“The fundamental nature of the error can be gleaned only from a review of the full record on appeal.”).
In reviewing the issue after Martinez, this court has found that the error is not fundamental where the State did not rely on the erroneous instruction in closing argument, and the defendant was not deprived of a fair trial by the erroneous instruction. Permenter v. State (Permenter II), 978 So.2d 277 (Fla. 4th DCA 2008); Farmer v. State, 975 So.2d 1275 (Fla. 4th DCA 2008).
In this case, the State’s position is that Furney’s self defense claim was weak, pointing out inconsistencies in his version of the events. It also maintains that self defense was not his only defense, as he also argued that the State failed to meet its burden of proof. On the other hand, Furney argues that self defense was his sole theory, and that the mistakenly given instruction deprived him of a fair trial. See Crimins v. State, 113 So.3d 945, 2013 WL 461800, at *3 (Fla. 5th DCA 2013) (concluding, on direct appeal, that the trial court committed fundamental error by giving the forcible felony exception to the self-defense instruction where there was no evidence that the defendant was engaged in a separate forcible felony, the defendant and the victim had given conflicting testimony, and the court was unable to conclude “that the evidence of guilt was overwhelming or that the claim of self-defense was extremely weak,” even though the State impeached much of the defendant’s trial testimony); Smith v. State, 76 So.3d 379, 387 (Fla. 1st DCA 2011) (revers *1098 ing conviction for aggravated battery where the improper forcible felony instruction “gutted Appellant’s key defense and very likely confused the jury” in a classic “he said/she said” case); Vowels v. State, 32 So.3d 720 (Fla. 5th DCA 2010) (finding such an instruction to constitute fundamental error where eyewitnesses gave conflicting testimony and the parties did not present forensic evidence establishing the sequence of events, making it unclear who was the initial aggressor).
Furney was not charged with engaging in another separate forcible felony while allegedly committing the charged offenses, all of which he argued he committed in self defense. This court has focused on the testimony presented at his trial and the closing arguments. The two sets of eyewitnesses had different versions of the events, creating a classic “he said/she said” situation; Furney’s sole defense was, effectively, self defense, which the improper instruction negated; and the State did argue the forcible felony exception during closing argument. We agree with Furney that he was deprived of a fair trial.
Accordingly, we conclude that fundamental error occurred. We grant the petition for writ of habeas corpus to prevent a manifest injustice, and we reverse Fur-ney’s convictions and remand for a new trial.

Case Redesignated as Petition for Writ of Habeas Corpus to Prevent Manifest Injustice, Petition Granted, Conviction Reversed and Remanded for New Trial.

MAY, C.J., GROSS and LEVINE, JJ„ concur.