NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL C. GIARDINA,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )   Case No. 2D14-1206
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
                                        )
_____ )

Opinion filed February 20, 2015.

Appeal pursuant to the Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; William R. Webb, Judge.

Michael C. Giardina, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

          Michael C. Giardina appeals the denial of his petition for habeas corpus.

This court ordered briefing from the State and has fully reviewed the record.  At trial, the

jury received a modified instruction on justifiable use of deadly force.  On direct appeal,

Mr. Giardina unsuccessfully argued that the trial court committed fundamental error by

omitting a portion of the instruction explaining that deadly force can be permissible

when defending against the imminent commission of a forcible felony by an aggressor. See Giardina v. State, 986 So. 2d 608 (Fla. 2d DCA 2008) (table decision). In this petition for habeas corpus, which was filed in 2013, he argues that the trial court committed fundamental error resulting in a manifest injustice when it instructed the jury with standard language that he had no duty to retreat if he was not engaged "in an unlawful activity." Although we agree with Mr. Giardina that this issue was not resolved in prior proceedings, we do not agree that this instruction on the duty to retreat was erroneous, much less that it resulted in the type of manifest injustice that caused the Fourth District to give relief in Furney v. State, 115 So. 3d 1095 (Fla. 4th DCA 2013), which addressed the "forcible felony" jury instruction discussed in Martinez v. State, 981 So. 2d 449 (Fla. 2008).

Affirmed.


ALTENBERND, BLACK, and SLEET, JJ., Concur.